**RICHARD MOORE**                                                        **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:16CV148-LG**

**UNITED STATES PROBATION,**
**UNITED STATES DEPARTMENT OF JUSTICE,**
**VALRIE PETERS, United States Probation Officer,**
**SHERIFF LEO MASK, and DEPUTY PATTERSON**          **DEFENDANTS**

*CONSOLIDATED WITH*

**RICHARD MOORE**                                                        **PLAINTIFF**

**v.**                                              **CAUSE NO. 3:16CV279-LG**

**PONTOTOC COUNTY SHERIFF'S DEPARTMENT and**
**LEO MASK**                                              **DEFENDANTS**

*CONSOLIDATED WITH*

**RICHARD MOORE**                                                        **PLAINTIFF**

**v.**                                              **CAUSE NO. 3:16CV280-LG**

**UNITED STATES PROBATION,**
**DEPARTMENT OF JUSTICE, and LORETTA LYNCH**          **DEFENDANTS**

## ORDER AND ADVISORY TO PLAINTIFF

This matter is before the Court *sua sponte*. Having reviewed the filings of

Plaintiff Richard Moore and as noted below in the above-captioned cases, the Court

is of the opinion that Plaintiff's Complaints in Cause Nos. 3:16cv279 an 3:16cv280

fail to state a claim upon which relief may be granted. Accordingly, the Court will

order Plaintiff to show cause within fourteen (14) days of the date of this Order why

those actions should not be dismissed.  Additionally, the Court is of the opinion that many of the claims stated in this lead action, No. 1:16cv148, do not state a claim upon which relief may be granted, and, thus, will order Plaintiff to show cause within fourteen (14) days why those claims should not also be dismissed.  Finally, the Court will cancel the *Spears* hearing currently set for March 7, 2017, as discussed herein, and will reschedule that hearing at a later date should the Court deem it necessary to do so.

## CAUSE NO. 3:16CV279 AGAINST THE PONTOTOC COUNTY SHERIFF'S DEPARTMENT AND LEO MASK

In Cause No. 3:16cv279, Plaintiff seeks injunctive relief against the Pontotoc County Sheriff's Department and Sheriff Leo Mask for the production of records pursuant to a Freedom of Information Act (FOIA) request.  However, the Sheriff's Department "is not subject to the provisions of FOIA."  *See Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 46 (D.D.C. 2013); *see also, e.g.*, *Zaldivar v. U.S. Dep't of Veterans Affairs*, No. CV-14-1493-PHX-DGC (MEA), 2014 WL 7359107, at *5 (D. Ariz. Dec. 24, 2014) ("To the extent that Plaintiff asserts a FOIA claim against Pima County, he fails to state a claim.  FOIA applies to federal agencies and does not apply to Pima County or other state agencies or departments.").  Sheriff Mask is not a subject to the provisions of FOIA, either.  *See, e.g.*, *Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010) ("A FOIA plaintiff may not assert a claim against an individual . . . ."); *Benavides v. U.S. Marshals Serv.*, 990 F.2d 625, *3 (5th Cir. 1993) ("[T]he dismissal of [a plaintiff]'s claims against [the individual defendants] was

2

proper because suit cannot be brought under the FOIA against an individual.");

*Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011) ("We agree with the District Court that FOIA does not apply to any of the Defendants because they are all individuals . . . .") (collecting cases).

To the extent Plaintiff alleges violations of the Administrative Procedure Act (APA), FOIA is a part of the APA. *See U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 754 (1989). Because Plaintiff does not have a valid FOIA claim against these defendants, he does not have an APA claim against them, either.

Accordingly, the Court orders Plaintiff to show cause in writing within fourteen days (14) days of this Order why his claims in Cause No. 3:16cv279 should not be dismissed or to otherwise notify the Court if he wants to voluntarily dismiss Cause No. 3:16cv279. **PLAINTIFF IS CAUTIONED THAT FAILURE TO DO SO OR TO OTHERWISE TIMELY RESPOND TO THIS ORDER COULD RESULT IN DISMISSAL OF CAUSE NO. 3:16CV279 WITHOUT FURTHER NOTICE.**

CAUSE NO. 3:16CV280 AGAINST THE UNITED STATES PROBATION OFFICE,
THE DEPARTMENT OF JUSTICE, AND LORETTA LYNCH

In Cause No. 3:16cv280, Plaintiff seeks injunctive relief against the United States Probation Office, the Department of Justice (DOJ), and Loretta Lynch under FOIA and the APA for a FOIA request he made to the Probation Office. Once again, Plaintiff cannot sustain a FOIA claim against the defendants. "The United

States Probation Office is an arm of the federal courts.  As such, it is not subject to FOIA . . . and [P]laintiff's claims against it cannot be maintained." *Banks v. Dep't of Justice*, 538 F. Supp. 2d 228, 231-32 (D.D.C. 2008); *see also, e.g.*, *DeMartino v. F.B.I.*, 511 F. Supp. 2d 146, 148 (D.D.C. 2007) ("As a court unit, the Probation Office is not subject to the requirements of the FOIA . . . .") (dismissing complaint); *United States v. Chandler*, 220 F. Supp. 2d 165, 167-68 (E.D.N.Y. 2002) ("the Probation Department is exempt from the disclosure requirements of the FOIA"); *Pena v. U.S. Dep't of Probation*, No. 06 CV 2481 NG LB, 2006 WL 2806383, at *1 (E.D.N.Y. Sept. 28, 2006) ("The Probation Department, an administrative unit of the judiciary, is not subject to the disclosure obligations of FOIA.").  Furthermore, Ms. Lynch is not subject to the provisions of FOIA for the same reasons discussed above related to FOIA claims against individuals.  *See, e.g.*, *Batton*, 598 F.3d at 173 n.1; *Benavides*, 990 F.2d at *3.

Plaintiff's only basis for suing the DOJ is his assertion that "United States Probation is a component of the" DOJ.  (*See* Compl. 1-2, ECF No. 1 in Cause No. 3:16cv280).  There is no indication that Plaintiff sent a separate FOIA request to the DOJ, which likely would not have access to the documents at issue anyway.  Because Plaintiff cannot sustain a claim against the Probation Office, his claim against the DOJ necessarily fails.  Even so, there is no allegation that Plaintiff exhausted his administrative remedies even if he had sent a request to the DOJ.  *See Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979 (FOIA requires

"that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review"); *Banks*, 538 F. Supp. 2d 232-33 (discussing administrative exhaustion under FOIA); *see also Wells v. U.S. Dep't of Educ.*, No. 09-456-JJB-CN, 2009 WL 2475434, at *2 (M.D. La. Aug. 12, 2009) ("Finally, it has been held that, where a plaintiff fails to allege that he has exhausted his administrative remedies prior to filing suit under the FOIA, the plaintiff has failed to state a claim.").[1]

Plaintiff also cannot sustain any APA claim for the same reasons discussed above with respect to Cause No. 3:16cv279. Accordingly, the Court orders Plaintiff to show cause in writing within fourteen days (14) days of this Order why his claims in Cause No. 3:16cv280 should not be dismissed or to otherwise notify the Court if he wants to voluntarily dismiss Cause No. 3:16cv280. **PLAINTIFF IS CAUTIONED THAT FAILURE TO DO SO OR TO OTHERWISE TIMELY RESPOND TO THIS ORDER COULD RESULT IN DISMISSAL OF CAUSE NO. 3:16CV280 WITHOUT FURTHER NOTICE.**

### CAUSE NO. 1:16CV148 AGAINST UNITED STATES PROBATION, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATE PROBATION OFFICER VALRIE PETERS, SHERIFF LEO MASK, AND DEPUTY PATTERSON

Plaintiff also filed a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" against United States Probation, United States Department of Justice, and United States Probation Officer Valrie Peters. He later amended his Complaint to include Sheriff Leo Mask and Deputy Patterson of the Pontotoc County Sheriff's

---

[1] The FOIA claims against the other defendants, even if proper, could be dismissed on this ground as well.

Office.

## I.    DEFENDANTS UNITED STATES PROBATION, THE DOJ, AND PETERS

Defendants United States Probation, the DOJ, and Peters are not state actors, and, thus, are not subject to suit under § 1983. *See, e.g.*, *Winding v. Dean*, No. 4:12cv87-DPJ-FKB, 2012 WL 2573250, at *1 (S.D. Miss. July 2, 2012) ("Plaintiff cannot maintain this Section 1983 action against the Department of Justice, because it is not a state actor."); *United States v. Lee*, 409 F. App'x 274, 276 (11th Cir. 2010) (affirming dismissal of purported § 1983 claim against United States Probation Office because it is not a state actor); *Van Dyke v. Thornburg*, No. 1:06 CVV 200 MU 02, 2006 WL 1806584, at *1 (W.D.N.C. June 28, 2006) (stating that § 1983 action could not proceed against federal probation officer because the officer was "not amenable to suit under this provision"). Nonetheless, the Court will construe Plaintiff's Complaint against those Defendants as a *Bivens* action. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials."), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *see also, e.g.*, *West v. U.S. Marshal*, 275 F.3d 1080, *1 (5th Cir. 2001) ("Although [the plaintiff] filed his instant complaint pursuant to 42 U.S.C. § 1983, the district court properly construed such complaint as alleged claims under *Bivens* . . . .").

However, Plaintiff cannot state a *Bivens* claim against United States

Probation. *See, e.g.*, *West*, 275 F.3d at *1 ("A federal agency is not subject to suit under *Bivens*."); *Perez v. United States*, No. C-12-376, 2013 WL 315217, at *4 n.4 (S.D. Tex. Jan. 25, 2013) ("[T]he Court finds that there is an additional ground for dismissal of the United States Marshal Service and the United States Probation Office because these agencies are not persons for purposes of a lawsuit pursuant to *Bivens*."); *Lee*, 409 F. App'x at 276 ("*Bivens* does not provide a remedy against federal agencies, . . . and therefore [a plaintiff] cannot rely on *Bivens* to obtain relief against . . . the United States Probation Office . . . .").

Likewise,

> even if [P]laintiff had properly filed a *Bivens* action rather than a § 1983 action, he would not be entitled to relief against the United States Department of Justice. As with a § 1983 action which offers relief only in connection with claims against a State actor as opposed to a State agency, a *Bivens* action only affords relief in connection with claims against a federal actor as opposed to a federal agency such as the United States Department of Justice.

*Marina v. Gusman*, No. 10-0784, 2010 WL 4553506, at *2 (E.D. La. Oct. 28, 2010), *rep. and rec. adopted*, 2010 WL 5057449, at *1 (E.D. La. Dec. 6, 2010); *see also, e.g.*, *Winding*, 2012 WL 2573250, at *1 ("[A] *Bivens* action does not extend to a federal agency. . . . Therefore, the Department of Justice will be dismissed."). The only cognizable claim that the Court discerns is a claim pursuant to *Bivens* against Peters, and the Court offers no opinion as to the ultimate viability of such a claim at this juncture.

Accordingly, the Court orders Plaintiff to show cause in writing within

fourteen days (14) days of this Order why his claims in Cause No. 1:16cv148 against United States Probation and the DOJ should not be dismissed or to otherwise notify the Court if he wants to voluntarily dismiss those claims. **PLAINTIFF IS CAUTIONED THAT FAILURE TO DO SO OR TO OTHERWISE TIMELY RESPOND TO THIS ORDER COULD RESULT IN DISMISSAL OF THOSE CLAIMS WITHOUT FURTHER NOTICE.**

## II. DEFENDANTS SHERIFF MASK AND DEPUTY PATTERSON

Plaintiff's primary allegation against Sheriff Mask pertains to Mask's purported failure to respond to a FOIA request. That claim is not cognizable, as already discussed. It is unclear to the Court whether Plaintiff is attempting to state other claims against this defendant and pursuant to what authority he is stating such a claim or claims. Plaintiff therefore must show cause within fourteen (14) days why any purported claim against Mask should not be dismissed or notify the Court if he wants to voluntarily dismiss Mask from this action, and is **cautioned that failure to do so or to otherwise timely respond to this Order could result in dismissal of any claim against Mask in Cause No. 1:16cv148 without further notice.** The Court offers no opinion as to the ultimate viability of any claims stated against Deputy Patterson at this juncture.

### *SPEARS* HEARING AND SERVICE OF PROCESS

Once the fourteen days for Plaintiff to respond to this Order has expired, the Court will determine whether this matter should be set for a *Spears* hearing or instead for a pretrial conference, and will issue an appropriate hearing notice

accordingly.[2]  Additionally, the Court will decide when and to whom service of process should issue and will issue an appropriate order for such service.  The *Spears* hearing scheduled for March 7, 2017, in Oxford, Mississippi, is cancelled and the [8] Order Setting Spears Hearing is withdrawn.

## ADVISORY REGARDING ADDRESS CHANGES

Plaintiff is cautioned that it is his responsibility to immediately notify the Clerk of Court in writing of any change in his address.  He shall caption any such change of address advisories as "Notice to the Court of Change of Address" and not include any motions or other matters in such notice.  This notice shall contain only information pertaining to the address change and the effective date of such change of address.  Failure by Plaintiff to immediately notify the Clerk of Court of any change in his mailing address will be interpreted by the Court as a failure to prosecute and may result in dismissal of this action.

**IT IS THEREFORE ORDERED AND ADJUDGED**, for the reasons discussed herein, that Plaintiff must show cause in writing within fourteen (14) days of the date of this Order why his claims in Causes Nos. 3:16cv279 and 3:16cv280 should not be dismissed or to otherwise notify the Court in writing if he wants to voluntarily dismiss those claims.  Additionally, he must also show cause in

---

[2] Plaintiff was previously denied appointment of counsel.  In the [10] Order denying the appointment, Magistrate Judge Roy Percy stated that "[a]fter observing plaintiff at a *Spears* hearing, if the court determines that counsel should be appointed it will do so *sua sponte*."  That Order remains in effect at this time.  Should the Court decide to forego a *Spears* hearing, it will also decide whether to appoint counsel to Plaintiff at that time.

writing within fourteen (14) days why his claims in Cause No. 1:16cv148 against United States Probation, the Department of Justice, and Sheriff Leo Mask should not be dismissed or to otherwise notify the Court in writing if he wants to voluntarily dismiss those claims.

**IT IS FURTHER ORDERED AND ADJUDGED** that the hearing set in this matter for March 7, 2017 is **CANCELLED**, and the [8] Order Setting Spears Hearing is **WITHDRAWN**.  Plaintiff is **ORDERED** to immediately notify the Clerk of Court in writing of any change in his address, as discussed herein.

The Clerk is **ORDERED** to mail a copy of this Order via certified mail, return receipt requested, to Plaintiff at the address provided, and to file a copy of the return receipt once it is received.

**SO ORDERED AND ADJUDGED** this the 7th day of February, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE