IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RICHARD MOORE                                                                    PLAINTIFF

v.                                                          CAUSE NO. 1:16CV148-LG

UNITED STATES PROBATION,
UNITED STATES DEPARTMENT OF JUSTICE,
VALRIE PETERS, United States Probation Officer,
SHERIFF LEO MASK, and DEPUTY PATTERSON                 DEFENDANTS

*CONSOLIDATED WITH*

RICHARD MOORE                                                                    PLAINTIFF

v.                                                          CAUSE NO. 3:16CV279-LG

PONTOTOC COUNTY SHERIFF'S DEPARTMENT and
LEO MASK                                                                       DEFENDANTS

*CONSOLIDATED WITH*

RICHARD MOORE                                                                    PLAINTIFF

v.                                                          CAUSE NO. 3:16CV280-LG

UNITED STATES PROBATION,
DEPARTMENT OF JUSTICE, and LORETTA LYNCH              DEFENDANTS

**ORDER OF DISMISSAL WITH PREJUDICE OF CAUSE NUMBERS
3:16CV279 AND 3:16CV280 AND FINDING AS MOOT
PLAINTIFF'S MOTIONS TO DISMISS IN THOSE CAUSES**

This matter is before the Court following a screening hearing held on April 13, 2017 pursuant to 28 U.S.C. § 1915A.[1] Having reviewed the filings of Plaintiff Richard Moore and having conducted the hearing, the Court is of the opinion that

---

[1] Although Plaintiff is now on probation, he was incarcerated at the time of the filing of his Complaints, and, thus, § 1915A applies.

Plaintiff's Complaints in Cause Nos. 3:16cv279 and 3:16cv280 fail to state a claim upon which relief may be granted and should be dismissed with prejudice. The Court will also deny as moot the Motions to Dismiss filed by Plaintiff in Cause Nos. 3:16cv279 and 3:16cv280, as Plaintiff withdrew those Motions at the hearing.

**A) Cause No. 3:16cv279 against the Pontotoc County Sheriff's Department and Leo Mask**

In Cause No. 3:16cv279, Plaintiff seeks injunctive relief against the Pontotoc County Sheriff's Department and Sheriff Leo Mask for the production of records pursuant to a Freedom of Information Act (FOIA) request. However, the Sheriff's Department "is not subject to the provisions of FOIA." *See Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 46 (D.D.C. 2013); *see also, e.g.*, *Zaldivar v. U.S. Dep't of Veterans Affairs*, No. CV-14-1493-PHX-DGC (MEA), 2014 WL 7359107, at *5 (D. Ariz. Dec. 24, 2014). Sheriff Mask is not subject to the provisions of FOIA, either. *See, e.g.*, *Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010); *Benavides v. U.S. Marshals Serv.*, 990 F.2d 625, *3 (5th Cir. 1993); *Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011). To the extent Plaintiff alleges violations of the Administrative Procedure Act (APA), FOIA is a part of the APA. *See U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 754 (1989). Because Plaintiff does not have a valid FOIA claim against these defendants, he does not have an APA claim against them, either.

Accordingly, the Court will dismiss Cause No. 3:16cv279 for failure to state a claim upon which relief may be granted. The Court will also deny as moot the

Motion to Dismiss filed by Plaintiff in this action, as Plaintiff withdrew that Motion at the screening hearing.

**B)     Cause No. 3:16cv280 against the United States Probation Office, the Department of Justice, and Loretta Lynch**

In Cause No. 3:16cv280, Plaintiff seeks injunctive relief against the United States Probation Office, the Department of Justice (DOJ), and Loretta Lynch under FOIA and the APA for a FOIA request he made to the Probation Office. Once again, Plaintiff cannot sustain a FOIA claim against the defendants.

"The United States Probation Office is an arm of the federal courts. As such, it is not subject to FOIA . . . and [P]laintiff's claims against it cannot be maintained." *Banks v. Dep't of Justice*, 538 F. Supp. 2d 228, 231-32 (D.D.C. 2008); *see also, e.g.*, *DeMartino v. F.B.I.*, 511 F. Supp. 2d 146, 148 (D.D.C. 2007); *United States v. Chandler*, 220 F. Supp. 2d 165, 167-68 (E.D.N.Y. 2002); *Pena v. U.S. Dep't of Probation*, No. 06 CV 2481 NG LB, 2006 WL 2806383, at *1 (E.D.N.Y. Sept. 28, 2006). Furthermore, Ms. Lynch is not subject to the provisions of FOIA for the same reasons discussed above related to FOIA claims against individuals. *See, e.g.*, *Batton*, 598 F.3d at 173 n.1; *Benavides*, 990 F.2d at *3. Additionally, as acknowledged by Plaintiff at the screening hearing, Ms. Lynch is no longer Attorney General, and should also be dismissed for that reason.

Plaintiff's only basis for suing the DOJ is his assertion that "United States Probation is a component of the" DOJ. (*See* Compl. 1-2, ECF No. 1 in Cause No. 3:16cv280). There is no indication that Plaintiff sent a separate FOIA request to

the DOJ, which likely would not have access to the documents at issue. Because Plaintiff cannot sustain a claim against the Probation Office, his claim against the DOJ necessarily fails. Even so, there is no allegation that Plaintiff exhausted his administrative remedies even if he had sent a request to the DOJ. *See Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979); *Banks*, 538 F. Supp. 2d 232-33; *see also Wells v. U.S. Dep't of Educ.*, No. 09-456-JJB-CN, 2009 WL 2475434, at *2 (M.D. La. Aug. 12, 2009).[2] Plaintiff also cannot sustain any APA claim for the same reasons discussed above with respect to Cause No. 3:16cv279.

Accordingly, the Court will dismiss Cause No. 3:16cv280 for failure to state a claim upon which relief may be granted. The Court will also deny as moot the Motion to Dismiss filed by Plaintiff in this action, as Plaintiff withdrew that Motion at the screening hearing.

## ADVISORY REGARDING ADDRESS CHANGES

Plaintiff is cautioned that it is his responsibility to immediately notify the Clerk of Court in writing of any change in his address. He shall caption any such change of address advisories as "Notice to the Court of Change of Address" and not include any motions or other matters in such notice. This notice shall contain only information pertaining to the address change and the effective date of such change of address. Failure by Plaintiff to immediately notify the Clerk of Court of any

---

[2] The FOIA claims against the other defendants, even if proper, could be dismissed on this ground as well.

change in his mailing address will be interpreted by the Court as a failure to prosecute and may result in dismissal of this action.

**IT IS THEREFORE ORDERED AND ADJUDGED**, for the reasons discussed herein, that Causes Nos. 3:16cv279 and 3:16cv280 are **DISMISSED WITH PREJUDICE**.[3]  Separate judgments will be entered.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's Motions to Dismiss, ECF No. 13 in 3:16cv279 and ECF No. 11 in 3:16cv280, are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 17th day of April, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[3] Although Deputy Patterson appears on the docket as a Defendant in all three of these consolidated cases, he should be terminated as a Defendant in Cause Nos. 3:16cv279 and 3:16cv280.  The only claims against him were made in Cause No. 1:16cv148, which remains pending at this time.